**1**

**UNITED STATES, Plaintiff in Error, v. JOHN B, SEMPLE & CO., by Its Directors, John B. Semple et al., Defendant in Error.**

(Circuit Court of Appeals, Third Circuit. February 27, 1926.)

No. 3399.

In Error to the District Court of the United States for the Western District of Pennsylvania; Gibson, Judge.

For opinion below, see 7 F.(2d) 1023. See, also, 1 F.(2d) 745.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, Sol. for Internal Revenue, and J. R. Wheeler, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Charles A. Woods, of Pittsburgh, Pa., and Perry A. Sletteland, of Madison, Wis., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves the construction and application of sections 4 and 29 of the Revenue Act of 1917. By the government's mode of calculation a tax of $7,745.90, or 4 per cent. on $193,647.38, was imposed and collected. On the other hand, the taxpayer contends a tax of $4,430.18, or 4 per cent. on $110,754.43, should have been imposed. To recover this difference and alleged overcharge of $3,315.72, the taxpayer brought suit and recovered judgment in the court below. Thereupon the government sued out this writ.

The two methods of calculation, and therefore the quotations involved in the case, are in the government's brief thus summarized: "For the purpose of ascertaining the amount of income subject to the 4 per cent. tax imposed by section 4 of the Revenue Act of 1917, must the excess profits tax of the defendant in error corporation be credited to the net income for its full fiscal year before such income is apportioned between the parts of the calendar years included within said fiscal year, or is the plaintiff entitled to first apportion its net income, and then credit its excess profits tax to the amount apportioned to the period of the calendar year 1917 included within its fiscal year?"

In its opinion the court said: "The controversy centers around section 29, supra. * * * But defendant (the government) urges that section 29 is an amendment to the Act of September 8, 1916, which deals only with a return made for the purpose of the 2 per cent. tax and with the income subject to the 2 per cent. tax, and that the 'income tax' mentioned in such section 29 means the 2 per cent. tax. * * * After consideration of the statutes involved, we find ourselves unable to agree with the defendant. * * * Section 29 must be considered in connection with and as a part of the whole Revenue Act of 1917, and not merely as an amendment of section 1211 of the Revenue Act of 1916 applicable to the 2 per cent. tax above. The excess profits tax was applicable only to income arising subsequent to January 1, 1917, and so also was the 4 per cent. tax. Under such circumstances, plainly the excess profit tax should be credited only against the 1917 part of the income of the fiscal year, not against income not subject to that tax."

Narrowing, as the case does, to following one of these alternative computations, nothing further need be said, save that we are in accord with the calculation adopted by the court below, and therefore affirm its judgment.